# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Melvin Stubblefield,

        Defendant.

Criminal No. 09-225 (3) (RHK/FLN)

**MEMORANDUM AND ORDER**

---

This matter is presently before the Court on Defendant's self-styled submission entitled "Defendant Motion For Sentencing Transcripts." (Doc. No. 174.) Defendant's entire Motion consists of a single sentence, which reads as follows: "The Defendant request [sic] for the courts to provide sentencing transcripts for preparation of habeas corpus motion." As far as the Court can tell, Defendant is asking for a <u>free</u> copy of a transcript of his sentencing hearing to assist him in the preparation of a motion for relief under 28 U.S.C. § 2255.[1] That request will be DENIED.

A defendant in a federal criminal case is <u>not</u> automatically entitled to free copies of transcripts for use in connection with § 2255 post-conviction proceedings. The applicable statute, 28 U.S.C. § 753(f), provides that –

> "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose <u>if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal</u>." (Emphasis added.)

---

[1] If Defendant is willing to pay for the transcript he is seeking, he should be able to obtain it by contacting the Clerk of Court, or the court reporter who transcribed the hearing. Defendant should be able to obtain a quote for the cost of the transcript he is seeking, and upon tendering the requisite payment, he should be able to obtain a copy of the transcript without any order from the Court.

This statute clearly indicates that free transcripts do not have to be provided to indigent post-conviction petitioners in every case. "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993). See also United States v. Losing, 601 F.2d 351, 353 (8th Cir. 1979) ("it is clear that a majority of the [Supreme] Court [has] concluded that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case").

In this case, Defendant has not identified any specific need for the transcript he is requesting. To the contrary, it appears that Defendant is seeking a free transcript simply to peruse it, with the hope of finding something that might somehow support a collateral challenge to his conviction or sentence. However, free transcripts will not be provided for such purposes. See Fadayiro v. United States, 30 F. Supp. 2d 772, 780 (D.N.J. 1998) ("[s]ection 753(f) prevents the situation in which an indigent prisoner obtains a free transcript merely to 'search for error in an attempt to generate a basis for collaterally attacking a conviction'"), quoting United States v. Marias, No. Crim. A. 92-256-2, (E.D.Pa. 1995), 1995 WL 221353 at *1. See also Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964) ("'[a]n indigent [criminal defendant] is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw'") (per curiam), quoting United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963); Prince v. United States, 312 F.2d 252, 253 (10th Cir. 1962) (per curiam)

("[t]here is no statutory authority under 28 U.S.C.A. § 1915, 28 U.S.C.A. 753, or elsewhere, allowing the expenditure of government funds as an aid to impecunious persons exploring the possibility of post conviction remedies").

Because Defendant has not shown a genuine need for a transcript in order to support a specific claim in a pending proceeding, his present request for a copy of the transcript from his sentencing hearing will be denied.[2]

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Defendant's Motion seeking a transcript from his sentencing hearing (Doc. No. 174) is **DENIED**.

Dated: April 27, 2011

                                              s/Richard H. Kyle
                                              RICHARD H. KYLE
                                              United States District Judge

---

[2] Defendant is apprised that requests for free transcripts are rarely granted for post-conviction purposes. Therefore, Defendant should <u>not</u> expect to obtain the transcript he is seeking by simply filing a new motion that presents some conclusory ground(s) for challenging his sentence. Defendant would have to clearly demonstrate that he has some specific and meritorious claim for relief, which cannot be presented to the Court without a copy of the transcript.